UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
CIRILO JIMENEZ, on behalf of himself, individually, :
and on behalf of all others similarly-situated, :
: **COMPLAINT**
Plaintiff, :
: Docket No.: 24-cv-5108
-against- :
: Jury Trial Demanded
BROWNSTONE PROPERTY GROUP LLC, and :
BROWNSTONE MANAGEMENT LLC, and :
BROWNSTONE WORKS WELL, LLC, and :
ALEJANDRO ROMERO, individually, :
:
Defendants. :
------------------------------------------------------------------- X

CIRILO JIMENEZ ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against BROWNSTONE PROPERTY GROUP LLC ("Brownstone Property"), and BROWNSTONE MANAGEMENT LLC ("Brownstone Management"), and BROWNSTONE WORKS WELL, LLC ("Brownstone Works"), (all three, together, as "Entity Defendants"), and ALEJANDRO ROMERO, individually, (together, with Entity Defendants, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1.  This is a civil action for damages and other redress based upon Defendants' willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 141-1.4; (iii)

the NYLL's requirement that employers pay wages to their employees who perform manual labor not less frequently than on a weekly basis, NYLL § 191(1)(a); (iv) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); (v) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information at hire, NYLL § 195(1); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - three New York limited liability companies based in Kings County, one a holdings company and the other two its subsidiaries, which together operate as a single integrated enterprise to run a property management and property renovation/construction company, and the enterprise's Chief of Construction who is its day-to-day overseer of construction and maintenance operations - - as a construction and maintenance worker at various buildings that Defendants managed throughout New York City, from in or around June 2019 through March 2023.

3. As described below, on several weeks during his employment, Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL. Specifically, during those weeks, Defendants required Plaintiff to work, and Plaintiff did work, beyond forty hours, yet Defendants paid Plaintiff a flat daily rate that did not change based on how many hours Plaintiff worked in a day or in a week, and thus Defendants did not pay Plaintiff overtime pay at the rate of one and one-half times Plaintiff's regular rate of pay for any hours that Plaintiff worked in excess of forty in a week.

4. Additionally, from January 2020 through the end of his employment, Defendants violated the NYLL by failing to pay Plaintiff, a manual worker, on at least as frequently as a weekly basis, paying him on a bi-weekly basis instead.

5. Defendants also violated the NYLL by failing to furnish Plaintiff with any wage statement on each payday for the period that Plaintiff worked in 2019, and from 2020 through the end of his employment, by providing him with an inaccurate wage statement on each payday, and by failing to provide him with any wage notice upon his hire, let alone an accurate notice.

6. Defendants have paid and treated all of their employees who have performed non-managerial construction and/or maintenance work in a similar manner.

7. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who have suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

8. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who have suffered damages as a result of Defendants' violations of the NYLL and the New York State Department of Labor regulations.

## JURISDICTION AND VENUE

9. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq.* The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

10. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district, in that Plaintiff performed most of his work for Defendants in this District.

## PARTIES

11. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

12. At all relevant times herein, Defendant Brownstone Property was and is a New York limited liability company with its principal place of business located at 123 Seventh Avenue, Suite 137, Brooklyn, New York 11215. Brownstone Property owns and operates several subsidiary entities, including Brownstone Management and Brownstone Works, both of which provide services related to real estate in the New York City area, including "Property Management," "Renovations & Maintenance," and "Sales and Rentals."

13. At all relevant times herein, Defendant Brownstone Management was and is a New York limited liability company with its principal place of business located at 180 Garfield Place, Brooklyn, New York 11215, and is a fully owned subsidiary of Defendant Brownstone Property. Brownstone Management offers "24/7 Management," "Renovations," "Sanitation," "Financial Services," "Business and Legal Services," and "Real Estate Compliance."

14. At all relevant times herein, Defendant Brownstone Works was and is a New York limited liability company with its principal place of business located at 334 East 35th Street, Brooklyn, New York 11203, and is a fully owned subsidiary of Defendant Brownstone Property. Brownstone Works operates as a construction and home improvement contractor for construction and renovations, specializing in "project management, interior building and apartment remodeling, [and] customized kitchens and bathrooms" for properties primarily located in Brooklyn, Queens, and Manhattan.

15. At all relevant times herein, while three nominally distinct entities, the Entity Defendants have operated and continue to operate as a single integrated enterprise in that all entities, and potentially other entities to be uncovered through discovery, were and are commonly

owned and controlled financially, they intermingle resources, and they interchangeably share employees that perform the same duties, as well as managerial employees responsible for overseeing all of the Entity Defendants' employees.

16. To that end, Defendant Romero, named as "Chief of Construction" for the enterprise, was and is responsible for maintaining employment records for all of the Entity Defendants' employees, as well as for hiring and firing employees, setting employees' work schedules and determining their work responsibilities, paying employees, and for determining employees' rates and methods of pay and hours worked, including those matters with respect to Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs.

17. At all relevant times, all Defendants were and are "employers" within the meaning of the FLSA, the NYLL, and the NYCRR. Additionally, at all times relevant to the FLSA, the qualifying annual business of the Entity Defendants has exceeded and exceeds $500,000.00, and the Entity Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they employed and employ two or more employees and bought and buy materials, such as building construction and maintenance supplies, from vendors in states other than New York that are then used in their New York operations, which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees, who during the applicable FLSA limitations period, performed any work for Defendants as non-managerial construction workers, maintenance workers, or in a similar position, and who give consent to file a claim to recover

5

unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

19.     Defendants have treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) have performed similar tasks, as described in the "Background Facts" section below; (2) were and/or are subject to the same laws and regulations; (3) were and/or are paid in the same or similar manner; (4) were and/or are required to work in excess of forty hours in a workweek; (5) and were and/or are not paid at the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

20.     At all relevant times herein, Defendants are and have been aware of the requirement to pay their non-managerial construction and maintenance worker employees, including Plaintiff and FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet they purposefully and willfully chose and continue to choose not to do so. Indeed, during his employment, Plaintiff complained to Defendants about Defendants' practice of not recording all of his hours and wages accurately on statutorily-compliant wage statements, which resulted in, *inter alia*, him not being paid all overtime wages owed.

21.     Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully failing to pay them overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

22.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, individually, as well as on behalf of all those who are similarly-situated whom Defendants have subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

23. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

24. Plaintiff seeks certification of the following FRCP 23 class:

   Current and former employees who worked as non-managerial construction workers, maintenance workers, or in a similar position, who during the applicable NYLL limitations period performed any work for Defendants in New York ("Rule 23 Plaintiffs").

### Numerosity

25. During all times applicable to the NYLL, Defendants have employed, in total, at least forty employees that are putative members of this class.

### Common Questions of Law and/or Fact

26. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including, but not limited to, the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours in a week; (3) whether Defendants properly compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (4) whether Defendants paid the Rule 23 Plaintiffs all of their earned wages on at least as frequently as a weekly basis; (5) whether Defendants furnished and furnish the Rule 23 Plaintiffs with an accurate wage statement on each payday that contains the information that NYLL § 195(3)

requires; (6) whether Defendants furnished and furnish the Rule 23 Plaintiff with an accurate wage notice at the time of hire that contains the information that NYLL 195(1) requires; (7) whether Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; (8) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; (9) whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (10) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (11) if so, what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

27.     As described in the "Background Facts" section below, Defendants have employed Plaintiff and Rule 23 Plaintiffs as non-managerial employees who perform construction and/or maintenance work.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendants in New York, yet Defendants have routinely failed to pay them at the statutorily-required rate of one and one-half times their respective regular rates of pay for all hours worked in excess of forty in a week and all of their earned wages on at least as frequently as a weekly basis, and have also failed to furnish them with an accurate wage statement on each payday or an accurate wage notice at the time of hire.  Plaintiff and the Rule 23 Plaintiffs enjoy the same rights under the NYLL to receive overtime wages at the statutorily-required rate of one and one-half times their regular rates of pay for all hours worked each week over forty, to be paid all of their earned wages at least as frequently as weekly, and to be furnished with an accurate wage statement on each payday and an accurate wage notice at hire.  Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations.  Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of full

8

and/or timely compensation due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

Adequacy

28. Plaintiff, as described below, worked similar hours and performed similar duties as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants did not pay Plaintiff overtime at the rate of one and one-half times his regular rate of pay for all of his hours worked over forty in a week, did not pay him all of his earned wages on at least as frequently as a weekly basis, did not furnish him with an accurate wage statement on each payday, and did not furnish him with an accurate wage notice at the time of his hire, which is substantially-similar to how Defendants have paid and treated the Rule 23 Plaintiffs. Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to him. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

29. Additionally, Plaintiff's counsel has substantial experience in this field of law.

Superiority

30. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants have treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

31. Any lawsuit brought by any non-managerial construction or maintenance worker employee of Defendants for the same violations alleged herein would be identical to a suit brought

by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

32.     Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

33.     Defendant Brownstone Property is a New York limited liability company that owns and operates several subsidiary entities, including Brownstone Management and Brownstone Works, which together operate as a single integrated enterprise, as explained above, to provide building construction and maintenance services throughout the New York City area, with a majority of services conducted in the borough of Brooklyn.

34.     Defendant Romero, as also detailed above, is responsible for making all significant personnel-related decisions for all of the Entity Defendants' employees, including all of those matters with respect to Plaintiff. Indeed, Romero personally hired and fired Plaintiff, set Plaintiff's hours and rate of pay, paid Plaintiff, directed Plaintiff where to work, and instructed Plaintiff about the work to be done. Romero also maintained or should have maintained Plaintiff's employment records.

35.     Plaintiff worked for Defendants from in or around June 2019 until March 2023 as a non-managerial construction and maintenance worker, primarily performing building renovation and maintenance, including painting, appliance installation, plumbing, electrical, and carpentry work, all at various buildings in Brooklyn, and sometimes Manhattan, which Defendants either owned or were contracted to perform building renovation/construction and/or maintenance work on. All or substantially all - - and indeed well more than twenty-five percent - - of Plaintiff's time working for Defendants was spent performing manually laborious tasks such as these.

36. Throughout his employment, Defendants required Plaintiff to work, and Plaintiff did generally work, at least five days per week, and sometimes six or seven days per week. While Plaintiff's schedule varied, it was generally Monday through Friday from 9:00 a.m. to 5:00 p.m. with a half-hour break each day, but several times throughout Plaintiff's employment, he worked additional hours on the weekend, usually for eight-to-twelve extra hours, for a total of forty-five and one-half to forty-nine and one-half hours for those weeks.

37. For the first six months of Plaintiff's employment, Defendants paid Plaintiff at the rate of $140.00 per day, in cash, on a weekly basis.

38. Starting in January 2020 and continuing until May 2021, Defendants paid Plaintiff at the rate of $150.00 per day, on a bi-weekly basis.

39. From June 2021 through the last day that Plaintiff worked in March 2023, Defendants paid Plaintiff at the rate of $200.00 per day, on a bi-weekly basis.

40. The daily rate that Defendants paid Plaintiff for his work did not change based on how many hours Plaintiff worked in a day or in a week, including for those weeks when Plaintiff worked on weekends and thus worked over forty hours in a week. Thus, at no point during his employment did Defendants pay Plaintiff at the rate of one and one-half times his regular rate for the hours that Plaintiff worked in a week over forty.

41. By way of example only, for the workweek of October 22 through October 28, 2022, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, with a half-hour lunch break on each day:

        Saturday, October 22 2022: 9:00 a.m. until 5:00 p.m.;

        Sunday, October 23, 2022: off;

        Monday, October 24, 2022: 9:00 a.m. until 5:00 p.m.;

>Tuesday, October 25, 2022: 9:00 a.m. until 5:00 p.m.;

>Wednesday, October 26, 2022: 9:00 a.m. until 5:00 p.m.;

>Thursday, October 27, 2022: 9:00 a.m. until 5:00 p.m.; and

>Friday, October 28, 2022: 9:00 a.m. until 5:00 p.m.

Accordingly, Plaintiff worked a total of forty-five and one-half hours during this week. In exchange for his work that week, Defendants paid Plaintiff $1,200, which was his daily rate of $200.00 multiplied by six days of work. Accordingly, Defendants did not pay Plaintiff for the five-and-one-half hours that he worked in excess of forty this week at the rate of one and one-half times his regular rate.

42. On each payday, for the period that Plaintiff worked in 2019, Defendants failed to provide Plaintiff with any wage statement, and from 2020 through the end of his employment, Defendants failed to provide Plaintiff with a wage statement that accurately listed Plaintiff's regular and overtime rates of pay or his total hours worked for that week. This failure deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and resulted in the underpayment of wages as asserted herein.

43. Defendants failed to provide Plaintiff with any wage notice at the time of his hire, let alone a notice that that accurately contained, *inter alia*: Plaintiff's rate of pay and basis thereof; whether Plaintiff would be paid by the hour, salary, or in another manner; any allowances claimed; the regular payday designated by Defendants; the name of Defendants; any "doing business as" names used by Defendants; the physical address of Defendants' main office or principal place of business, and a mailing address if different; and Defendants' telephone number. This failure deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and resulted in the underpayment of wages as asserted herein.

44. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

45. Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

46. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

### **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

47. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

48. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

49. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

50. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

51. Defendants willfully violated the FLSA.

52. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

53. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCRR*

54. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

55. NYLL § 160 and 12 NYCRR § 141-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

56. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCRR.

57. As also described above, Plaintiff, Rule 23 Plaintiffs, any FLSA Plaintiff who opts-in to this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

58. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

59. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Pay Timely Wages in Violation of the NYLL*

60. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

61. NYLL § 191(1)(a) requires that employers pay their "manual worker" employees all wages owed on at least as frequently as a weekly basis.

62. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are "manual worker" employees within the meaning of the NYLL.

63. As also described above, Defendants failed to compensate Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with all wages owed on at least as frequently as a weekly basis.

64. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to any unpaid wages, liquidated damages associated with any missed or late payment, interest, and attorneys' fees for Defendants' violations of the NYLL's requirement to pay all earned wages owed to manual worker employees on at least as frequently as a weekly basis.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

65. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66. NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

67. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL.

68. As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with a wage statement that accurately contained all of the criteria that the NYLL requires.

69. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $250.00 for each workday that each violation occurred, up to a statutory cap of $5,000.00 per person.

## **FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

70. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

71. NYLL § 195(1) requires that employers provide employees with a wage notice that contains accurate, specifically enumerated criteria at the time of hire.

72. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL.

73. As also described above, Defendants, at the time of hire, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with a wage notice that accurately contained all of the criteria that the NYLL requires.

74. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00 per person.

## DEMAND FOR A JURY TRIAL

75. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and authorizing the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

f. Awarding all damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between

wages and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

  g. Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

  h. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

  i. Designation of Plaintiff and his counsel as collective and class action representatives under the FLSA and the FRCP respectively;

  j. Awarding pre-judgment and post-judgment interest, as provided by law; and

  k. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
   July 23, 2024

               Respectfully submitted,

               BORRELLI & ASSOCIATES, P.L.L.C.
               *Attorneys for Plaintiff*
               910 Franklin Avenue, Suite 205
               Garden City, New York 11530
               Tel. No. (516) 248-5550
               Fax No. (516) 248 6027



By: _____

               BRIAN E. NETTLE (5761978)
               ALEXANDER T. COLEMAN (AC 8151)
               MICHAEL J. BORRELLI (MB 8533)